# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AARON DESKINS, | : | |
| 288 Hilliard Rome Road | : | |
| Columbus, OH 43288 | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-cv-712 |
| | : | |
| v. | : | JUDGE |
| | : | |
| GLOBAL K9 PROTECTION | : | |
| GROUP, LLC | : | |
| C/O Statutory Agent: | : | |
| CT Corp. | : | |
| 4400 Easton Cmns. #125 | : | |
| Columbus, OH 43219 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Aaron Deskins ("Plaintiff") and proffers this Complaint for damages against Defendant Global K9 Protection Group LLC ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant is a foreign limited liability company registered to do business in Ohio and doing business in the Southern District of Ohio.

3. At all relevant times herein, Plaintiff was an "eligible employee" as defined by the Family Medical Leave Act, 29 U.S.C. § 2611(2).

4. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A). Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more

employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

## JURISDICTION AND VENUE

5. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio.

## FACTUAL BACKGROUND

7. Plaintiff began working for Defendant on or about September 15, 2019 as an Explosive Detection K9 Handler.

8. Plaintiff's most recent position was Regional Director of Training for the Northeast Territory.

9. Plaintiff worked from the road and from his home in Columbus, Ohio and reported to Defendant's headquarters in Alabama.

10. In September 2022 Plaintiff requested leave under the FMLA for his own serious medical condition.

11. Defendant approved Plaintiff's FMLA leave through December 10, 2022.

12. On or about November 23, 2022, Plaintiff spoke with Defendant's Vice President of Human Resources, Sam Parks, about Plaintiff's return to work.

13. During the November 23, 2022 call, Plaintiff provided an update on his status. Mr. Parks told him that Defendant might not have a position for Plaintiff and that Plaintiff should think of other positions that he could potentially work in.

14. On or about December 2, 2022, Plaintiff spoke with Defendant's Chaplain. Plaintiff updated Defendant's Chaplain and told him that Defendant might not be able to return him to his former position. In response, Defendant's Chaplain sent an email to Plaintiff with an excerpt from the Department of Labor website that states, "an employee must be restored to his or her original job or to an equivalent job with equivalent pay, benefits, and other terms and conditions of employment."

15. On November 29, 2022 and December 6, 2022, Plaintiff followed up with Mr. Parks as his return to work date was approaching.

16. Mr. Parks responded and requested a virtual meeting for December 9, 2022.

17. On December 9, 2022, Mr. Parks informed Plaintiff that his position was not available and that he would not be returning to work on December 10, 2022.

18. Defendant has not returned Plaintiff back to his position or an equivalent position.

19. Defendant has not offered to return Plaintiff back to his former position or a substantially similar position.

## COUNT I
**FMLA Interference**

20. Plaintiff reasserts and reincorporates each and every preceding allegation as if fully rewritten here.

21. Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2).

22. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

23. Plaintiff exercised his rights under the FMLA, as he gave notice to Defendant that he intended to take FMLA leave, was approved for FMLA leave and took FMLA leave due to his own serious medical condition.

3

24. Defendant unlawfully interfered with Plaintiff's rights under the Family Medical Leave Act by failing to protect Plaintiff's position and not returning Plaintiff to his position or an equivalent position at the end of his leave, in direct violation of the statute.

25. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA. In fact, Defendant's Chaplain sent Plaintiff an excerpt from the Department of Labor website that stated Defendant's obligation under the FMLA.

26. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT II
## FMLA Retaliation

27. Plaintiff reasserts and reincorporates each and every preceding allegation as if fully rewritten here.

28. Plaintiff took approved leave under the FMLA.

29. Plaintiff did not take more than 12 weeks of FMLA leave.

30. Plaintiff suffered an adverse employment action when Defendant constructively discharged him from his position in retaliation for requesting FMLA leave and taking FMLA leave.

31. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its constructive discharge of Plaintiff.

32. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits,

statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

*/s/ Greg R. Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 796-4325
Fax: (614) 547-3614

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Greg R. Mansell*

Greg R. Mansell (0085197)

5